**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ARTHUR MORRISON, #05032635,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1511-N |
| | ) | |
| **STATE OF TEXAS,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought by a county inmate pursuant to 28 U.S.C. § 2254.

Parties: At the time of filing this action, Petitioner was incarcerated at the Dallas County Jail. His address or place of confinement is presently unknown. Respondent is the State of Texas. No process has been issued in this case, pending preliminary screening.

Findings and Conclusions: On August 8, 2005, the court issued a notice of deficiency and order to Petitioner, notifying him that he had failed to pay the filing fee or submit a request to proceed *in forma pauperis*, and that his habeas corpus pleadings were not filed on the appropriate form. The order directed Petitioner to cure the deficiency within thirty days or his petition would be dismissed for failure to prosecute. On August 25, 2005, the deficiency order was returned to

the court with the notation "not in Dallas County Jail." Apparently Petitioner was discharged from custody or transferred to another penal unit between the date on which he filed his petition and the date on which the magistrate judge's order was returned as being undeliverable. As of the date of this recommendation, Petitioner has neither notified the court of his current address, nor complied with the August 8, 2005 order.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Petitioner has been given ample opportunity to pay the filing fee or submit a request to proceed *in forma pauperis*, and to submit a petition on the appropriate form. However, he has failed to follow the court's order. Therefore, the court should dismiss this action without prejudice for want of prosecution pursuant to Rule 41(b). See Larson, 157 F.3d at 1031-32.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the petition without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). A copy of this recommendation will be mailed to Petitioner.

Signed this 20th day of September, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.